# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**TERRENCE M. BROWN,**
        **Plaintiff,**

**-vs-**
        Case No. A-18-CV-857-RP

**UNITED STATES OF AMERICA,**
        **Defendant.**

## O R D E R

Before the Court are Plaintiff's complaint [#1], the Government's Motion to Dismiss [#12], Plaintiff's response [#13], the Government's reply [#14], and Plaintiff's sur-reply [#15]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### Background

This is a Federal Torts Claim Act ("FTCA") case in which Plaintiff Terrence M. Brown, a federal prisoner formerly incarcerated in FCI Bastrop, alleges the medical care he received for his seizure condition was inadequate. Brown seeks $2,000,000.00 in damages.

Included in his complaint are allegations regarding a bat bite, verbal confrontations he had with prison staff, retaliatory acts regarding his walker, and a deceptive cancer diagnosis. Plaintiff makes clear in his response to the Government's motion to dismiss that he is only pursuing his claims related to the medical care regarding his seizure condition. Plaintiff explains he included the allegations regarding the bat bite to provide contextual facts and he included the retaliation claims as evidence of negligence.

The Government moves to dismiss Plaintiff's medical claims as time-barred. The Government contends Plaintiff's claims arising from medical treatment he received for his seizures accrued in 2015. The Government points out that Plaintiff did not file his administrative claim until January 2018, more than two years after the date of injury. The Government understands the only injuries alleged by Plaintiff were the two concussions he allegedly sustained when he fell while having seizures in 2015.

Alternatively, the Government moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. The Government argues Plaintiff fails to allege he experienced harm or injury proximately caused by Defendant's acts or omissions. The Government asserts the only injuries alleged are the two concussions he sustained in 2015 and Plaintiff does not allege Defendants should have or could have done anything to prevent him from sustaining those concussions.

Plaintiff counters that his complaint is not time-barred due to the continuing tort doctrine. Plaintiff contends the deliberate indifference of Dr. Rodriguez continued until September 15, 2017, the day Dr. Rodriguez left the facility even though Plaintiff admits to receiving medical treatment by other providers in 2016 and being transferred to a medical facility in 2017. Plaintiff asserts he recently has had a number of additional EEG tests and has finally been diagnosed with epilepsy and is now receiving appropriate medication.

## Analysis

**I.     Legal Standard**

    **A.     Standard Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other

sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**II.     Application**

Under the FTCA, tort actions are barred "against the federal government unless the claim is first presented to the appropriate federal agency 'within two years after such claim accrues.'" *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)). "The general rule under the FTCA is that a tort action accrues at the time of a plaintiff's injury." *Id.* In *Dubose v. Kansas City Southern Railway Co.*, the Fifth Circuit explained the discovery rule governs the accrual of causes of action in federal cases where a plaintiff claims it was not aware of the injury or could not have discovered facts critical to ascertaining the injury's cause. *See* 729 F.2d 1026, 1030 (5th Cir. 1984). Under the discovery rule, "a claim accrues when a plaintiff knows both her injury and its cause." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011), *abrogated on other grounds by United States v. Wong*, 135 S. Ct. 1625 (2015).

A continuing tort theory may be applied when no single incident in a continuous chain of tortious activity can fairly or realistically be identified as the cause of significant harm. *Page v. United States*, 729 F.2d 818, 821-22 (D.C. Cir. 1984). In such cases, the cause of action is not complete and does not accrue until the tortious acts have ceased. *In re FEMA Trailer Formaldehyde Prods. Litig.*, 646 F.3d 185, 191 (5th Cir. 2011), *abrogated on other grounds by Wong*, 135 S. Ct. 1625. The Fifth Circuit has yet to decide whether the continuing tort doctrine applies in the FTCA context. *Young v. United States*, 727 F.3d 444, 447 (5th Cir. 2018) (citing *In re FEMA Trailer*, 646 F.3d at 191).

Even assuming that the continuing tort doctrine could apply to Plaintiff's FTCA claim, the Court is of the opinion it does not apply to this case. Claim accrual under the FTCA is based on awareness of the injury, not when the alleged wrongful conduct ends. *See Beech v. United States*, 345 F.2d 872, 874 (5th Cir.1965) ("Where the trauma coincides with the negligent act and some damage is discernible at the time, [§ 2401(b)'s] two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable.").

The Court finds that Plaintiff's claims accrued in 2015. Plaintiff acknowledges:

> On or about December 11, 2015, at the lunch mainline, I approached Warden Nash and informed her that I felt my seizures were not being treated seriously enough and that they should be treated as an emergent situation and that I should be admitted to the hospital so a neurologist could see me and any tests necessary to diagnose and treat the cause of my seizures could be administered and evaluated without months of further delay.

At the time Plaintiff spoke to the warden he had already sustained two concussions and that his doctor purportedly caused the injuries. At the very least, he had knowledge of the facts that would lead a reasonable person to "seek professional advice, and then, with that advice, to conclude that there was a causal connection between the treatment and injury." *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). Because this Court finds that Plaintiff's cause of action under the FTCA accrued more than two years before he submitted his administrative claim to the BOP, his complaint is time-barred.

It is therefore **ORDERED** that the Motion to Dismiss [#12], filed by the Government on March 18, 2019, is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that the Clerk of Court shall forward a copy of this order to the keeper of the three-strikes list.

**SIGNED** on June 6, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE